OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Whitten, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Mahoning County Bar Association v. Koury.
[Cite as Mahoning Cty. Bar Assn. v. Koury (1993),     Ohio St.
3d     .]
Attorneys at law -- Misconduct -- Public reprimand -- Engaging
     in conduct involving dishonesty, fraud, deceit or
     misrepresentation -- Neglect of an entrusted legal matter.
     (No. 91-2166 -- Submitted January 20, 1993 -- Decided May
19, 1993.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 91-12.
     On April 18, 1991, relator, Mahoning County Bar
Association, filed a complaint filed against respondent,
Anthony T. Koury of Youngstown, Ohio, Attorney Registration No.
0030901, charging him with, inter alia, violations of DR
1-102(A)(4) (engaging in conduct involving dishonesty, fraud,
deceit, or misrepresentation); and 6-101(A)(3) (neglect of a
legal matter entrusted to him).  Respondent answered, denying
the allegations of misconduct.  The matter was heard before a
panel of the Board of Commissioners on Grievances and
Discipline of the Supreme Court ("board") on September 20, 1991.
     These allegations stem from activities which the
respondent had undertaken during the representation of Nora and
Gus Waller.  Nora Waller had filed an appeal pro se from a
dismissal of a lawsuit she and her husband had filed in the
Mahoning County Court of Common Pleas.  She acquired the name
of respondent from the local bar association.  In January 1989,
they orally agreed to a retainer of $1,500 in order for
respondent to prosecute the appeal.
     The appeal was dismissed on May 24, 1989 for failure to
file a brief and Nora took the notice of dismissal to
respondent's office where he stated he would take care of it.
Later, when she spoke with respondent he told her that the
appeal should be dismissed and the matter pursued in federal
court.  Her last contact with respondent was in December 1989
when, during a meeting, he told her that the federal case
looked promising.  He also stated he would provide her with his
work product by the end of the year, but failed to so so.
There is no evidence that respondent did any work on behalf of

this client.

Relator testified at the hearing that it was never his intention to pursue the appeal, but that the agreement was entered into and the retainer was given solely to pursue the federal case. Since the filing of the Wallers' grievance with relator, respondent has refunded their retainer plus interest.

The panel of the board found that respondent violated DR 1-102(A)(4) and 6-101(A)(3), concluding that the recitation of the facts by Nora was more credible than that of respondent. The panel recommended that the respondent be suspended from the practice of law for six months, and that the suspension be stayed on the condition that no further violations be found against him during the next three years. The board adopted the panel's findings and recommendation and also recommended that the costs of this proceeding be taxed to respondent.

Respondent subsequently filed a motion to remand with this court because it was discovered that the check Nora gave to him for the retainer was, after it was cancelled, notated that it was "for appeal." The matter was remanded to the panel for reconsideration. At the hearing held on June 19, 1992, Nora explained that it was her practice to make such notations on her cancelled checks so that her daughter who handled her records would know the purpose of the check.

The panel on remand concluded, as it did in its original report, that the "respondent's lack of credibility is of great concern," and that he "was not forthright in his testimony regarding the matter of the Wallers' appeal." The panel restated its previous finding and recommendation, which were adopted by the board on remand.

James W. Mumaw and John C. Pfau, for relator.
Anthony T. Koury and Dennis A. DiMartino, for respondent.

Per Curiam. We concur in the findings of misconduct by the board. However we differ with the board's recommendation. We instead adopt the original recommendation of relator and order that respondent be publicly reprimanded. Costs taxed to respondent.

Judgment accordingly.

A.W. Sweeney, Douglas, Wright, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., and Resnick, J., dissent, adopt the recommendation of the board, and would order that respondent be suspended for six months, which suspension would be stayed as long as respondent commits no further violations for a period of three years.